**RICKEY IVIE (S.B.N.: 76864)**
*rivie@imwlaw.com*
**DAVIDA M. FRIEMAN, ESQ. (S.B.N: 232096)**
*dfrieman@imwlaw.com*
**ANTONIO K. KIZZIE (S.B.N.: 279719)**
*akizzie@imwlaw.com*
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 S. Flower Street, 18th Floor
Los Angeles, CA  90017-2919
Tel: (213) 489-0028
Fax: (213) 489-0552

Attorneys for Defendants, COUNTY OF LOS ANGELES, a municipal entity, DEPUTY TAYLOR INGERSOLL, an individual, DEPUTY EDWIN BARAJAS, an individual, and SHERIFF ALEX VILLANUEVA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY STARKS, individually and as successor in interest to Decedent RICKIE STARKS,<br><br>                Plaintiff,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES, a municipal entity, SHERIFF ALEX VILLANUEVA, an individual, DEPUTY TAYLOR INGERSOLL, an individual, and DEPUTY EDWIN BARAJAS, an individual, and DOES 1-10, inclusive<br><br>                Defendants. | Case No. 2:21-CV-05209-ODW(GJSx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF STATE APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTONIO KIZZIE IN SUPPORT THEREOF**<br><br>[*Filed Concurrently with Proposed Order, Request for Judicial Notice, and Proposed Order in Support of Request for Judicial Notice*]<br><br>**Hearing Date:    October 4, 2021**<br>**Time:                    1:30 pm**<br>**Courtroom:          5D** |

### TO THE HONORABLE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that Defendant COUNTY OF LOS ANGELES, a municipal entity, SHERIFF ALEX VILLANUEVA, an individual, DEPUTY TAYLOR INGERSOLL, an individual, and DEPUTY EDWIN BARAJAS, (collectively "Defendants") will and hereby do respectfully move this Court for an order staying proceedings regarding Plaintiff MARY STARKS, individually and as successor in interest to Decedent RICKIE STARKS, ("Plaintiff") COMPLAINT FOR DAMAGES ("COMPLAINT"). *See generally* Dkt. 1.

Defendants' instant motion is made on the following grounds:

**1.** Plaintiff's First through Sixth causes of action are collaterally estopped under *res judicata* and/or should be stayed because the use of force was found to be objectively reasonable in the original state court action of *Mary Starks v. County of Los Angeles, et.al.* Case No. : 19STCV38462 ("State Action"), which resulted in summary judgment being granted against Plaintiff's state causes of action for battery, negligence and violation of the Bane Act (Cal. Civ. Code 52.1), and is currently on appeal. *See generally* Defendants' Request for Judicial Notice.

<u>**CONFERENCE OF COUNSEL**</u>

This motion is made following conferences of counsel pursuant to L.R. 7-3 which took place telephonically on Thursday, August 26, 2021 due to the distance between counsel's offices and the COVID-19 pandemic. Plaintiff will oppose this motion.

///
///
///
///
///
///
///
///

This motion is based upon the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matter which may be presented at or before the hearing on this motion.

Dated:  September 1, 2021

**IVIE McNEILL WYATT**
**PURCELL & DIGGS, APLC**

By:   */s/ Antonio K. Kizzie* _____
**RICKEY IVIE**
**DAVIDA M. FRIEMAN**
**ANTONIO K. KIZZIE**
**Attorneys for Defendants,**
**COUNTY OF LOS ANGELES,**
**et.al.**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case is one of the most outrageous cases of violence against police in Los Angeles since the 1997 North Hollywood shootout. Plaintiff Mary Starks Estate of Mr. Rickie Starks (hereinafter "Plaintiff" or "Ms. Starks"), Decedent's mother, allege that on July 3, 2019 in Compton, CA, Los Angeles County Sheriff Deputies Taylor Ingersoll (hereinafter "Deputy Ingersoll") and Deputy Edwin Barajas (hereinafter "Deputy Barajas" and "Defendants," collectively) used unreasonable force when they intentionally shot and killed of 65 year-old Mr. Starks for no reason. *See generally* Complaint- Dkt. 1 ("Complaint").

However, discovery in the original state action *Mary Starks v. County of Los Angeles, et.al.* Case No. : 19STCV38462 (**Exhibit 1**- "State Action" Complaint for Damages) revealed that Defendants *did not* shoot Mr. Starks. Here, Mr. Starks was tragically killed by a third-party suspect wielding an AK-47 later identified to be Mr. Hayden "Rosko" Taylor ("Mr. Taylor" or "Suspect"), or, even if Defendants did accidently shoot Mr. Starks in the shootout with Mr. Taylor, such would be objectively reasonable because Mr. Taylor posed an objective, imminent, threat of death or serious bodily harm to Defendants during the incident. **Exhibit 2**- **Video of Incident**; *See also* <u>Brown v. Ransweiler</u>, 171 Cal. App. 4th 516, 534 (2009) (Defendants' summary judgment affirmed although an innocent bystander was accidently injured by shots fired by police officers at a suspect because the officers had probable cause to believe that the suspect posed significant threat of death or serious physical injury when the suspect drove his vehicle up onto the sidewalk, gunned the engine, and began driving directly toward two other officers.) This case is at least 100 times worse than <u>Brown</u>.

Indeed, the incident was so undisputedly egregious and threat so objectively obvious that state court granted summary judgment against Plaintiff's state causes

of action for battery, negligence and violation of the Bane Act (Cal. Civ. Code 52.1) and denied Plaintiff's Motion for Reconsideration. **Exhibit 3**- Court Order Granting Summary Judgment; **Exhibit 4**- Court Order Denying Plaintiff's Motion for Reconsideration. *See generally* Defendants' Request for Judicial Notice. The state court's rulings are currently on appeal.

Here, Plaintiff's Complaint entirely and disingenuously leaves out the undisputed fact that a approximately 11:19 p.m. on July 3, 2019, Defendants were lawfully pursuing a reckless or drunk driver in a 2018 Black Cadillac Escalade ("Escalade"), when Mr. Taylor suddenly began mercilessly shooting at the Defendants dozens of times *with an AK-47 assault rifle* from the rear, passenger side of the Escalade, and ended up shooting and killing Mr. Starks during the pursuit in the area of Spruce St. and Aranbe Ave, where Mr. Starks' body was located and which was captured on surveillance camera. **Exhibit 2.** In lawful and objectively reasonable self-defense, Defendants fired their service weapons at Mr. Taylor in the Escalade. **Exhibit 2.**

During the incident, Deputy Ingersoll sustained a gunshot wound to his right hand and left upper shoulder, and the Defendants' patrol vehicle became mechanically disabled as a result of being shot approximately *thirty (30) times* by Mr. Taylor's AK-47. **Exhibit 2.** Mr. Taylor continued to relentlessly shoot at Defendants, other patrol vehicles *and a Sheriff's helicopter* during the pursuit while the Escalade fled at speeds of 100-120+ mph on residential streets in addition to the 105 and 405 freeways. At no time did Defendants ever see, shoot at or intend to shoot Mr. Starks.

Indeed, the Los Angeles County Coroner medical examiner Dr. Paul V. Gliniecki's ("Dr. Gliniecki") autopsy report of Mr. Starks states and Dr. Gliniecki opines to a reasonable medical probability that, "The injuries are consistent with a high-powered rifle...." **Exhibit 5.** Further, Mr. Taylor and the Escalade's other

occupants are currently facing criminal charges including, but not limited to, the P.C. 187 murder of Mr. Starks and 245(a) assault with a deadly weapon (firearm) Taylor and the Escalade's other occupants are currently facing criminal charges including, but not limited to, the P.C. 187 murder of Mr. Starks and 245(a) assault with a deadly weapon (firearm) in Case No. TA152343. **Exhibit 6**- Felony Complaint.

Accordingly, Defendants hereby move to stay the action or dismiss Plaintiff's First through Sixth causes of action as collaterally estopped under *res judicata* because the use of force was found to be objectively reasonable, the state decision granting summary judgment is currently on appeal, and the individuals responsible for Mr. Starks murder are being criminally prosecuted. The interests of justice would be served by a stay because battery by a police officer is merely the California state counter-part of a § 1983 excessive force claim because they are based on the same Graham factors as is negligence, and a stay would prevent inconsistent and/or incompatible verdicts, rulings, and/or outcomes should the state action summary judgment ruling be upheld and/or Mr. Taylor be convicted for Mr. Starks' murder. *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273, (1998) (battery); *Jones v. Kmart Corp*., 17 Cal. 4th 329, 331–32, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998) (the elements of claims under Cal. Civ. Code § 52.1 are similar to claims under § 1983); *Hernandez v. City of Pomona*, 46 Cal.4th 501, 514, 518 (2009).

## II.    LEGAL STANDARD

A court may exercise its discretion to stay civil proceedings "when the interests of justice seem to require such an action." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). See id. In determining whether a stay is warranted, courts examine "the particular circumstances and competing interests involved in the case." Id. (quoting Fed. Sav. & Loan Ins. Corp. v.

---

Molinaro, 889 F.2d 899, 903  (9th Cir. 1989)).  Courts also generally consider (1) the plaintiff's interest  in proceeding expeditiously with the litigation, (2) the burden which any particular aspect of the  proceeding may impose on the defendant, (3) the convenience of the court in the management of its docket and the efficient use of judicial resources, (4) the interests of persons not parties to the  civil litigation, and (5) the interest of the public in the pending civil and criminal litigation. Id. at 324–25.

## III.   MEET AND CONFER EFFORTS

On August 26, 2021, counsel for Defendants, Mr. Antonio K. Kizzie, Esq. ("Mr. Kizzie"), and counsel for Plaintiff, Mr. Marcel Sincich, Esq. ("Mr. Sincich"), met and conferred telephonically regarding the substance of the instant motion under L.R. 7-3. **Kizzie Decl**. ¶ 9 Plaintiff declined to  voluntarily amend the Complaint for the first time as a matter of right, and will oppose the instant motion. **Kizzie Decl**. ¶ 9

## IV.   RELEVANT PROCEDURAL HISTORY

On October 28, 2019, Plaintiff filed a Complaint for Damages stemming from the same incident alleging causes of action for battery, negligence, and violation of the Bane Act in California State Court. **Exhibit 1**.

On or about February 11, 2021, the Honorable Maurice A. Leiter ("Judge Leiter") granted Defendants' motion for summary judgment against all of Plaintiff's causes of action. **Exhibit 3**- Court Order Granting Summary Judgment. On April 5, 2021, Judge Leiter denied Plaintiff's Motion for Reconsideration of the Order granting Defendants' Motion Court **Exhibit 4**- Court Order Denying Plaintiff's Motion for Reconsideration.  On May 20, 2021, Plaintiff filed a Notice of Appeal. **Exhibit 7**

# V.   DISCUSSION

## A. THE COURT SHOULD GRANT A STAY OF THE FEDERAL ACTION UNTIL THE STATE APPEAL IS RESOLVED

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id.; *see also Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001)

Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–1443, 28 L.Ed.2d 788; *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L. Ed. 2d 552 (1979

State court judgments may preclude the relitigation of an identical issue that arises in a subsequent federal civil rights action. *Allen v. McCurry*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir.1993). "Federal courts should apply the state's collateral estoppel law in determining whether a § 1983 claim is precluded by a prior state judicial proceeding." *Presley v. Morrison*, 950 F.Supp. 1298, 1305 (E.D.Pa.1996); *see* Allen, 449 U.S. at 96.

In California, collateral estoppel entails five threshold requirements. *Lucido v. Superior Court of Mendocino Cnty*., 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990) "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily

decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Id.*

District courts therefore routinely avoid the technical application of collateral estoppel by entering a stay or a continuance in the second case pending outcome of the first judgment's appeal. See *Crot v. Byrne,* 646 F. Supp. 1245, 1257 (N.D. Ill. 1986) (even though collateral estoppel was appropriate, when faced with the appeal and potential reversal of the underlying decision, the "wisest course of action" was to enter a stay until the appeal concluded), aff'd, 957 F.2d 394 (7th Cir. 1992); *Eaton Vance Municipals Trust v. Conegie, C.A.* No. 4:06CV117-P-B, 2007 WL 1484539, at * 1 (N.D. Miss. May 18, 2007) ("While the pending appeal does not preclude this Court's consideration of the issues raised by defendant's Motion to Dismiss, the Court concludes that the interests of judicial economy and efficiency militate in favor of a stay."); *Lowy v. Carter*, No. 93 Civ. 1392 (VLB), 1993 WL 525121, at *4 (S.D.N.Y. Dec. 13, 1993) (staying dismissal and entry of judgment pending appeal of a related adverse ruling); see *Kittel v. First Union Mortgage Corp*., 303 F.3d 1193, 1194 (10th Cir. 2002) (staying related appeal pending state court's consideration of motion to vacate judgment that was the basis for collateral estoppel).

The Court unquestionably may stay and should this case pending the Plaintiff's appeal. *Landis v. North American Co*., 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Moreover, courts have often stayed patent cases pending a directly related appeal. See *Arco Polymers, Inc. v. Studiengesellschaft Kohle*, 710 F.2d 798, 799 (Fed. Cir. 1983) (staying appeal pending resolution of another appeal that "directly involves the validity of the patent at issue"); *Wing Shing Prods. (B VI) Ltd. v. Simatelex*

*Manufactory Co.*, No. 01Civ. 1044 (RJH) (HBP), 2005 WL 912184, at *2 (S.D.N.Y. April 19, 2005) (staying case pending appeal of another case involving the same patent asserted against a different party, where the appeal would address issues relevant to patent enforceability).

The Ninth Circuit has stayed an action in federal court pending appeal of a California state action, which by state law does not have preclusive effect until all appeals are final. *Williamson v. General Dynamics Corp.*, 208 F.3d 1144 (9th Cir. 2000), cert. denied, 531 U.S. 929 (2000). In *Williamson*, the Ninth Circuit held that the decision of a California state court lawsuit, which was on appeal, would have preclusive effect on the action before the court once the appeal was decided.  The Ninth Circuit then remanded the case with directions for the district court to stay the current action pending the appeal in the state court decision because of the pending collateral estoppel effects of the state court appeal. *Id.* at 1156-1157.

Other courts have, like the Ninth Circuit in *Williamson,* granted a stay of the second action pending the appeal of the first action, which, once a final decision is reached on appeal, will have preclusive effect on the second action. *See Ollie v. Riggin,* 848 F.2d 1016 (9th Cir. 1988) (federal court stayed action before it pending appeal of vacated judgment in state court, given that state law was unclear as to the preclusive effect of a vacated judgment from which there is a pending appeal); *Ruppel v. Ramseyer,* 33 F. Supp. 2d 720, 725, 729 (C.D. Ill. 1999) (court stayed proceedings on a number of counts in the complaint pending the outcome of plaintiff's appeal in state court criminal case that, once decided, would have preclusive effect).

The Court has broad discretion to stay proceedings in the cases before it for reasons of judicial economy and to prevent prejudice to parties, for example, by protecting them from engaging in needless, duplicative discovery, pre-trial proceedings and trial when the issues before the court may be altered or decided by pending litigation in another case. For these reasons, the Court should stay

these proceedings pending the appeal in the state case.

"Federal courts are compelled by the 'full faith and credit' statute to give collateral estoppel and res judicata effects to the judgments of state courts." *Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712 (9th Cir. 1992) (citing 28 U.S.C. § 1738). The doctrine of collateral estoppel "precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (Cal. 1990). "'The doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action.'" *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997) (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71 (1984)); *Border Bus. Park, Inc. v. City of San Diego*, 142 Cal. App. 4th 1538, 1565-1566 (Cal. Ct. App. 2006) ("For purposes of issue preclusion, however, an 'issue' includes any legal theory or factual matter which could have been asserted in support of or in opposition to the issue which was litigated.") (citation omitted).

Here, every Plaintiff is interested in the expeditious disposal of their litigation. However, does this self-serving concern alone mean that someone must be held liable in a certain time-frame even if it is the wrong person, i.e. defendants while third-party criminal defendants get convicted of Mr. Starks' murder, or a state court applying the same principles affirms a finding of no liability? Surely not.

Further, "the particular circumstances and competing interests  involved in the case," the burden which any particular aspect of the  proceeding may impose on the defendant, the convenience of the court in the management of its docket and the efficient use of judicial resources, the interests of persons not parties to the  civil litigation, and the interest of the public in the pending civil and criminal litigation staunchly support a stay of this action.

Here, if the state court affirms that the force was objectively reasonable, there can and should be no conflicting § 1983 excessive force claim and those that

naturally stem from such a claim as the all rely on the same Graham factors and battery is just a California state counterpart of a § 1983 excessive force claim. Further, if the criminal defendants get convicted of Mr. Starks' murder and/or the summary judgment is affirmed, a subsequent finding of a § 1983 excessive force claim against Defendants is clearly an incompatible and inconsistent miscarriage of justice.

## VI.   <u>CONCLUSION</u>

For the reasons set forth herein, a stay of the proceedings pending the state appeal is warranted and appropriate.

Dated:  September 1, 2021                    **IVIE McNEILL WYATT**
                                            **PURCELL & DIGGS, APLC**

                                    By:   **/s/** *Antonio K. Kizzie* _____
                                            **RICKEY IVIE**
                                            **DAVIDA M. FRIEMAN**
                                            **ANTONIO K. KIZZIE**
                                            **Attorneys for Defendants,**
                                            **COUNTY OF LOS ANGELES,**
                                            **et.al.**

## DECLARATION OF ANTONIO K. KIZZIE

**I, ANTONIO K. KIZZIE, declare and state as follows:**

1.      I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, United States District Court of Colorado, the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court.   I am a senior associate with the law firm of Ivie McNeill Wyatt Purcell and Diggs, APLC attorneys of record for Defendants COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES, DEPUTY JONATHAN PAWLUK and DEPUTY ADRIAN DE CASAS in this case.   The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.      This declaration is made in support of Defendants' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES. I apologize for the brief untimeliness as I started a trial in the matter of *Michael Judge v. County of Los Angeles, et.al*. Case No. 19STCV06708 on August 27, 2021, and trial preparations inadvertently caused me to delay in the filing of the instant motion.

3.      A true and correct copy of Plaintiff's Complaint in the original state action *Mary Starks v. County of Los Angeles, et.al.* Case No.: 19STCV38462 is attached hereto as **Exhibit 1**.

4.      A true and correct copy of video of the incident that is the subject of the lawsuit is lodged and submitted herewith as **Exhibit 2**.

5.      A true and correct copy of the Honorable Maurice Leiter's order

granting Defendants' Motion for Summary Judgment in the state action is attached hereto as **Exhibit 3**.

6.     A true and correct copy of the Honorable Maurice Leiter's order denying Plaintiff's Motion for Reconsideration is attached hereto as **Exhibit 4**.

7.     A true and correct copy of relevant excerpts of the Los Angeles County Coroner medical examiner Dr. Paul V. Gliniecki's ("Dr. Gliniecki") autopsy report of Mr. Starks stating that, "The injuries are consistent with a high-powered rifle...." is attached hereto as **Exhibit 5.**

8.     Further, Mr. Taylor and the Escalade's other occupants are currently facing criminal charges including, but not limited to, the P.C. 187 murder of Mr. Starks and 245(a) assault with a deadly weapon (firearm) Taylor and the Escalade's other occupants are currently facing criminal charges including, but not limited to, the P.C. 187 murder of Mr. Starks and 245(a) assault with a deadly weapon (firearm) in Case No. TA152343. A true and correct copy of the Felony Complaint in Case No. TA152343 is attached hereto as **Exhibit 6**.

9.     On May 20, 2021, Plaintiff filed a Notice of Appeal, a true and correct copy of which is attached hereto as **Exhibit 7.**

10.     On August 26, 2021, counsel for Defendants, Mr. Antonio K. Kizzie, Esq. ("Mr. Kizzie"), and counsel for Plaintiff, Mr. Marcel Sincich, Esq. ("Mr. Sincich"), met and conferred telephonically regarding the substance of the instant motion under L.R. 7-3. Plaintiff will oppose the instant motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This Declaration was executed on September 1, 2021 in Los Angeles, California.

*/s/ Antonio K. Kizzie*___
**ANTONIO K. KIZZIE,**
**Declarant**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28