19STCV38482

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2019 01:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo, Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF LOS ANGELES; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARY STARKS, individually and as successor in interest to RICKIE
STARKS

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

2019 OCT 31   A 9: 12

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* STANLEY MOSK COURTHOUSE | CASE NUMBER:<br>*(Número del Caso):* 19STCV38482 |
|---|---|

111 NORTH HILL STREET,
LOS ANGELES, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367, (818) 347-3333

| DATE: 10/28/2019<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* Veronica Delgadillo | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COUNTY OF LOS ANGELES

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 10/31/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



19STCV38462

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Laura Seigle

Electronically FILED by Superior Court of California, County of Los Angeles on 10/25/2019 11:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas,Deputy Clerk

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367

*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

MARY STARKS, individually and as successor in interest to RICKIE STARKS

Plaintiff,

v.

COUNTY OF LOS ANGELES; and DOES 1-10, inclusive,

Defendants.

CASE No.: 19STCV38462

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1. Battery
2. Negligence
3. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

1

COMPLAINT FOR DAMAGES

**COMPLAINT FOR DAMAGES**

1   COME NOW, Plaintiff MARY STARKS, individually and as successor in
2 interest to Rickie Starks, her son, for her Complaint against COUNTY OF LOS
3 ANGELES; and DOES 1-10, inclusive and hereby alleges as follows:

**INTRODUCTION**

4   1.   This state tort action seeks compensatory and punitive damages
5 from Defendants for violating various rights in connection with the shooting
6 death of RICKIE STARKS ("DECEDENT") on July 3, 2019.

7   2.   Defendant Does 1-10, inclusive, ("DOE DEPUTIES") caused
8 various injuries as described herein, including by integrally participating or
9 failing to intervene in the incident, and by engaging in other acts and/ or
10 omissions around the time of the incident.

11   3.   Defendants COUNTY OF LOS ANGELES is vicariously liable
12 for the acts and omissions of the DOE DEPUTIES.

13   4.   This action is in the public interest as PLAINTIFF seeks by means
14 of this action to hold accountable those responsible for the shooting, serious
15 bodily injury, and death of her son, DECEDENT, inflicted by DEFENDANTS.

16   5.   This case involves the shooting death of DECEDENT by
17 numerous law enforcement officers, without a legitimate law enforcement
18 objective or justification. DECEDENT was merely riding his bicycle home
19 from the grocery store when DEFENDANTS intentionally opened fire in a
20 condensed, residential neighborhood, striking DECEDENT multiple times.

**THE PARTIES**

21   6.   At all relevant times, RICKIE STARKS ("DECEDENT" or
22 "STARKS") was an individual residing in the County of Los Angeles,
23 California.

7.    Plaintiff MARY STARKS ("PLAINTIFF") was an individual residing in County of Los Angeles, California, and is the natural mother of STARKS. PLAINTIFF sues both in her individual capacity as the mother of STARKS, and in a representative capacity as a successor-in-interests to STARKS pursuant to California Code of Civil Procedure § 377.60. PLAINTIFF seeks both survival and wrongful death damages.

8.    Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. COUNTY is a chartered political subdivision of the State of California that is within this judicial district with the capacity to be sued.    COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the County of Los Angeles Sheriff's Department. At all relevant times, Defendant COUNTY was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the County of Los Angeles Sheriff's Department and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-10, inclusive.

9.    Defendants DOES 1-7, inclusive, are Sheriff's Deputies for the County of Los Angeles Sheriff's Department.  At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as County of Los Angeles Sheriff's Department Deputies and at other times they were working in their personal capacity as individuals outside the scope of their employment. At all relevant times, DOES 1-7, inclusive, were acting with the complete authority and ratification of their principal, COUNTY.

10.   Defendants DOES 8-10, inclusive, are managerial, supervisorial, or policymaking employees of the County of Los Angeles Sheriff's Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the County of Los Angeles Sheriff's Department. DOES 8-10, inclusive, were acting with the complete authority of their principal, COUNTY.

11.   PLAINTIFF is ignorant of the true names and capacities of Defendants Does 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

12.   On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of Los Angeles.

13.   PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

14.   PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and COUNTY.

15.   All Defendants who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian

1  employees, agents, policy makers, and representatives of the County of Los

2  Angeles Sheriff's Department.

3      16.   On September 6, 2019, PLAINTIFF timely served a claim for

4  damages with the COUNTY pursuant to applicable sections of the California

5  Government Code.

6      17.   On October 21, 2019, PLAINTIFF'S claim was deemed rejected

7  by COUNTY by operation of law.

8           **FACTS COMMON TO ALL CAUSES OF ACTION**

9      18.   PLAINTIFF repeats and re-alleges each and every allegation of

10  paragraphs 1 through 17, inclusive, as if fully set forth herein.

11      19.   PLAINTIFF sustained injuries, including but not limited to past

12  and future pain and suffering, funeral and burial expenses, loss of financial

13  support, loss of gifts or benefits, loss of household services, loss of love,

14  companionship, comfort, care, assistance, protection, affection, society, moral

15  support, training and guidance, when COUNTY deputies killed her son,

16  DECEDENT. DECEDENT also sustained injuries, including but not limited

17  to pre-death pain and suffering, loss of life, and loss of enjoyment of life. Said

18  COUNTY deputy DEFENDANTS were on-duty employees of the COUNTY,

19  each of whom was acting under color of law and as an employee or agent of

20  the COUNTY, and within the course and scope of their employment with

21  COUNTY.

22      20.   On July 3, 2019, at or around 11:30 PM, deputies working for the

23  Los Angeles Sheriff's Department ("LASD") and the County of Los Angeles

24  attempted to make a traffic stop of a black Cadillac Escalade, at or around the

25  area of Rosecrans Avenue and North Oleander Avenue.

26      21.   The suspect involved in this traffic stop is unknown to

27  PLAINTIFF at this time, but in any event, is not DECEDENT.

28

COMPLAINT FOR DAMAGES

22.   The attempted traffic stop resulted in a vehicle pursuit.  During the pursuit of the Escalade, it was reported that COUNTY deputies fired their weapons at the Escalade at or around the corner of West Spruce Street and North Aranbe Avenue in Compton.  This location is a small, residential street, with an adjoining elementary school.

23.   When the COUNTY deputies fired their weapons, DECEDENT was shot and killed.  Upon information and belief, DECEDENT was struck by multiple bullets fired by COUNTY deputies, causing his death.

24.   DECEDENT had nothing to do with the pursuit, was not a suspect in the pursuit or any other crime, and was only riding his bicycle at the time. When the pursuit approached his location, DECEDENT attempted to duck away from the gunfire without success.  DECEDENT was shot multiple times and died.

25.   The COUNTY deputies wrongfully and negligently shot DECEDENT.  Further, the COUNTY deputies' actions and inactions, including their pre-shooting and pursuit tactics, were also causes of Rickie's death.  At all relevant times, the unarmed DECEDENT posed no risk of death or serious bodily injury to any person, was unarmed, and was ducking to avoid the deputies' shots at the time he was shot.  The COUNTY deputies gave no commands to DECEDENT prior to their use of deadly force, gave no warnings to DECEDENT prior to their use of deadly force, there were several less intrusive, reasonable alternatives available to the COUNTY deputies other than the use of deadly force in a highly populated residential neighborhood, DECEDENT did not commit a crime, was not suspected of committing a crime, and was not actively resisting arrest or detention or attempting to avoid arrest or detention by flight.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION

### Battery (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF against all DEFENDANTS)

26.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 25, inclusive, as if fully set forth herein.

27.   DEFENDANTS while working as officers, sergeants, and in other capacities, for COUNTY, and acting within the course and scope of their duties, intentionally pulled the trigger and shot DECEDENT multiple times causing his death.

28.   The force used against DECEDENT was unreasonable to arrest or prevent escape or to overcome resistance.   DECEDENT was unarmed, did not pose an imminent threat of death or serious bodily injury, was not resisting arrest or detention, was not attempting to escape arrest or detention, was not a suspect in a crime, did not commit a crime, and never threatened anyone either physically or verbally.

29.   DECEDENT never consented to the use of force used by COUNTY deputies.

30.   DECEDENT was harmed when he was shot multiple times, experienced server pain and suffering, loss of enjoyment of life, and was left on the street bleeding to death, continuing to suffer until his death.

31.   The COUNTY deputies' use of unreasonable force, including deadly force, was the direct cause, proximate cause, and only cause of DECEDENTS death. In other words, the unreasonable force was a substantial factor in causing DECEDENT'S harm.

32.   DEFENDANT COUNTY and DOES 8-10, inclusive, are directly liable and responsible for the acts of DEFENDANTS DOES 1-7, inclusive, because DEFENDANT COUNTY and DOES 8-10, inclusive, failed to

7

1  adequately train, discipline, supervise, or in any other way control DOES 1-7,
2  inclusive, in the exercise of their unlawful use of unreasonable force.

3      33.    DEFENDANT COUNTY is vicariously liable for the wrongful
4  acts of DEFENDANTS DOES 1-10, inclusive, pursuant to section 815.2 of the
5  California Government Code, which provides that a public entity is liable for
6  injuries caused by its employees within the scope of the employment is the
7  employees' acts would subject them to liability.

8      34.    The conduct of DEFENDANTS DOES 1-10, inclusive, was
9  malicious, wanton, oppressive, and accomplished with a conscious disregard
10 for the rights of DECEDENT and PLAINTIFF, entitling PLAINTIFF to an
11 award of exemplary and punitive damages.

12     35.    PLAINTIFF is seeking survival damages and wrongful death
13 damages, including but not limited to past and future economic and non-
14 economic damages.  PLAINTIFF also seeks attorney fees under this claim
15 pursuant to California Code of Civil Procedure § 1021.5.

16                        **SECOND CAUSE OF ACTION**
17        **Negligence (Cal. Govt. Code § 820 and California Common Law)**
18                   **(By PLAINTIFF against all DEFENDANTS)**

19     36.    PLAINTIFF repeats and re-alleges each and every allegation of
20 paragraphs 1 through 35, inclusive, as if fully set forth herein.

21     37.    Police officers, including DEFENDANTS, have a duty to use
22 reasonable care to prevent harm and injury to others.  This duty includes using
23 appropriate tactics, giving appropriate commands, giving appropriate
24 warnings, and not using any force unless necessary, using the least amount of
25 force necessary, and only using deadly force as a last resort.  These duties also
26 include providing proper training and equipment to deputies so that they may
27 perform their duties in accordance with the department policies, properly
28

1  investigate use of force incidents, and punish, re-train, terminate, and/or
2  prosecute violators of those policies and the law.

3      38.   The DEFENDANTS breached their duty of care. Upon
4  information and belief, the actions and inactions of DEFENDANTS were
5  negligent and reckless, including but not limited to:

6        (a)  the failure to properly and adequately assess the need to use
7  force against DECEDENT;

8        (b)  the negligent tactics and handling of the situation with
9  DECEDENT, including pre-shooting negligence;

10        (c)  the negligent scope and manner of the seizure and use of
11  force, against DECEDENT;

12        (d)  the failure to properly train and supervise employees, both
13  professional and non-professional, including DOES 1-7, inclusive;

14        (e)  the failure to ensure that adequate numbers of employees
15  with appropriate education and training were available to meet the needs
16  and protect the rights of DECEDENT;

17        (f)  the negligent handling of evidence, witnesses, and the
18  negligent investigation of the shooting of DECEDENT; and

19        (g)  the failure to punish, re-train, terminate, and/or prosecute
20  violators of Department policies and the law.

21      39.  As a direct and proximate result of DEFENDANTS' conduct as
22  alleged above, and other undiscovered negligent conduct, DECEDENT was
23  caused to suffer severe past and future mental and physical pain and suffering,
24  loss of enjoyment of life, lost earning capacity, and loss of life. PLAINTIFF
25  was also caused to suffer substantial harm including but not limited to past
26  and future pain and suffering, funeral and burial expenses, loss of financial
27  support, loss of gifts or benefits, loss of household services, loss of love,

28

9

COMPLAINT FOR DAMAGES

1  companionship, comfort, care, assistance, protection, affection, society, moral
2  support, training and guidance.   In other words, the DEFENDANTS'
3  negligence was a substantial factor in causing PLAINTIFF'S and
4  DECEDENT'S harm.

5      40.   At all relevant times, DECEDENT was not an immediate threat of
6  death or serious bodily injury to anyone, including DEFENDANTS, no
7  warning was given that deadly force was going to be used prior to the use of
8  deadly force, and less than lethal alternatives were available to
9  DEFENDANTS.

10     41.   Further, DECEDENT'S harm, specifically being shot by the
11  Sheriff's Deputies when DECEDENT was unarmed, and was not a suspect in
12  any crime, ordinarily would not have happened unless DEFENDANTS were
13  negligent.

14     42.   The harm caused by DEFENDANTS was caused by something
15  that only the DEFENDANTS controlled. The COUNTY deputies had control
16  over their firearms, as well as had control over the tactical decisions made
17  during the pursuit of the Escalade.

18     43.   DECEDENT'S voluntary actions during this incident was riding
19  his bicycle home from the store, until recognized that the COUNTY deputies
20  were shooting at him and/or in his direction, and DECEDENT used due care
21  and diligence by ducking in an effort to avoid being harmed by the COUNTY
22  deputies.  In other words, DECEDENT did not in any way cause or contribute
23  to the events that harmed him.

24     44.   Finally, the COUNTY deputies violated the law when they used
25  deadly force and shot DECEDENT multiple times.

26     45.   DEFENDANTS' violation of the law as stated was a substantial
27  factor in bringing about the harm.

28

46. The COUNTY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

47. PLAINTIFF is seeking survival damages and wrongful death damages, including but not limited to past and future economic and non-economic damages. PLAINTIFF also seeks attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION

### Violation of Cal. Civ. Code § 52.1 and California Common Law)

(By PLAINTIFF against all DEFENDANTS)

48. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. *See Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

50. DEFENDANTS violated DECEDENT'S Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force against him. DEFENDANTS specifically intended to violate DECEDENT'S constitutional rights as stated above, as demonstrated by DEFENDANT'S reckless disregard for DECEDENT'S constitutional rights. Thus, PLAINTIFF can recover for violation of the Bane Act. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

51. On July 3, 2018, DEFENDANTS seized DECEDENT when DEFENDANTS fired multiple gunshots at DECEDENT, striking him in multiple places, including to the back, causing DECEDENT'S death. DEFENDANTS shot the unarmed DECEDENT, issued no commands or warnings before they shot DECEDENT, and made no efforts to de-escalate the situation upon his arrival or formulate a tactical plan.

52. DEFENDANTS had no information that DECEDENT committed any crime; DEFENDANTS had no information that anyone was injured; DECEDENT never verbally threatened DEFENDANTS or the involved officers; DEFENDANTS had no information that DECEDENT ever verbally threatened anyone; DEFENDANTS never heard DECEDENT say anything; DECEDENT never attempted to harm either DEFENDANTS or anyone else; DECEDENT'S hands were visibly empty when DEFENDANTS used excessive and unreasonable force against him; DECEDENT never attempted to harm anyone prior to DEFENDANTS using force against him; DECEDENT never had an object in his hands that could be perceived as a weapon or made any motions toward anyone with a weapon; and DECEDENT never made any threatening movements toward anyone.

53. At all times prior to the deployment of multiple gunshots fired at DECEDENT: DEFENDANTS and the involved officers were behind cover

1   and/or cover was available to them; DEFENDANTS and the involved officers
2   were not at risk of immediate death or serious bodily injury based on
3   DECEDENT'S actions; no other person was at risk of immediate death of
4   serious bodily injury based on DECEDENT'S actions; DEFENDANTS had
5   time to issue proper commands to DECEDENT; DEFENDANTS had time to
6   allow DECEDENT to comply with commands if they were given;
7   DEFENDANTS could have employed less intrusive options; there were
8   several other reasonable alternatives to the use of deadly force available to the
9   DEFENDANTS; and DEFENDANTS failed to exhaust all reasonable less-
10  lethal force options.

11      54.   DEFENDANTS violated DECEDENT'S Constitutional right to be
12  free from excessive and unreasonable force by police officers.
13  DEFENDANTS intended to violate DECEDENT'S rights and/or acted with
14  reckless disregard with regard to DECEDENT'S Constitutional rights, which
15  is evidence that they intended to violate DECEDENT'S rights.

16      55.   DEFENDANTS acted violently against DECEDENT in violation
17  of DECEDENT'S rights.

18      56.   DECEDENT was caused to suffer severe pain and suffering. The
19  conduct of DEFENDANTS was a substantial factor in causing the harm,
20  losses, injuries, and damages of DECEDENT.

21      57.   COUNTY is vicariously liable for the wrongful acts of
22  DEFENDANTS pursuant to section 815.2(a) of the California Government
23  Code, which provides that a public entity is liable for the injuries caused by
24  its employees within the scope of the employment if the employee's acts
25  would subject him or her to liability.

26      58.   The conduct of the individual DEFENDANTS was malicious,
27  wanton, oppressive, and accomplished with a conscious disregard for the
28

1   rights of PLAINTIFF, entitling him to an award of exemplary and punitive

2   damages. PLAINTIFF also seeks costs and attorneys' fees.

3   **PRAYER FOR RELIEF**

4       WHEREFORE, PLAINTIFF requests entry of judgment in his favor against

5   COUNTY OF LOS ANGELES, and DOES 1-10, inclusive, as follows:

6       1.    For compensatory damages according to proof at trial;

7       2.    Survival damages, and wrongful death damages;

8       3.    For punitive and exemplary damages against the individual defendants

9       in an amount to be proven at trial;

10       4.    For statutory damages;

11       5.    For reasonable attorneys' fees including litigation expenses;

12       6.    For costs of suit and interest incurred herein; and

13       7.    For such other and further relief as the Court may deem just and proper.

14

15   Dated: October 25, 2019        LAW OFFICES OF DALE K. GALIPO

16

17           By: _____*/s/ Dale K. Galipo*_____

18                   Dale K. Galipo

                Marcel F. Sincich

19                   *Attorney for Plaintiff*

20

21

22

23

24

25

26

27

28

14
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby submits this demand that this action be tried in front of a jury.

Dated:  October 25, 2019                LAW OFFICES OF DALE K. GALIPO


By: _____ */s/  Dale K. Galipo*
              Dale K. Galipo
              Marcel F. Sincich
              *Attorney for Plaintiff*

COMPLAINT FOR DAMAGES