# EXHIBIT 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 54

19STCV38462  
MARY STARKS vs COUNTY OF LOS ANGELES

April 5, 2021  
9:00 AM

Judge: Honorable Maurice A. Leiter  
Judicial Assistant: J.M. Gurnee  
Courtroom Assistant: R. Manzo  

CSR: Celinda Aligada #13724  
ERM: None  
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Marcel Ferrar Sincich (Telephonic) with Dale Galipo (In open court)

For Defendant(s): Antonio Kizzie (Telephonic)

NATURE OF PROCEEDINGS: Hearing on Motion for Reconsideration

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Celinda Aligada #13724, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

Matter is called for hearing.

The Court's tentative ruling having been published on the Court's official website and after argument, the Court takes the matter under submission.

Later and off the record:

The Court considers the moving papers, opposition and reply.

A non-prevailing party may make a motion to reconsider an order and enter a different one when the motion is: (1) brought before the same judge or court that made the order sought to be reconsidered; (2) made within 10 days after service on the party of the notice of entry of the order; (3) based on new or different facts, circumstances or law than those before the court at the time of the original ruling; (4) supported by a declaration stating the previous order, by which judge it was made, and the new or different facts, circumstances or law claimed to exist; and (5) made and decided before entry of judgment. (CCP § 1008; see also Mink v. Superior Court (1992) 2 Cal.App.4th 1338, 1342.)

"[T]he party seeking reconsideration must provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time." (Glade v. Glade (1995) 38 Cal.App.4th 1441, 1457 [emphasis added].) The legislative intent was to restrict motions for reconsideration to circumstances where a party offers the court some fact or circumstance not

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 54

| | |
|---|---|
| 19STCV38462 | April 5, 2021 |
| MARY STARKS vs COUNTY OF LOS ANGELES | 9:00 AM |

Judge: Honorable Maurice A. Leiter  
Judicial Assistant: J.M. Gurnee  
Courtroom Assistant: R. Manzo  

CSR: Celinda Aligada #13724  
ERM: None  
Deputy Sheriff: None  

---

previously considered and some valid reason for not offering it earlier. (Gilberd v. AC Transit (1995) 32 Cal.App.4th 1494, 1500.)

Plaintiff moves for reconsideration of the Court's February 11, 2021 order granting Defendant's motion for summary judgment. The motion for reconsideration was made in Department A in Compton, where this case resides. The motion was sent to Department 54 in the Stanley Mosk Courthouse so it could be decided by the same judge who entered the February 11 order.

A. New Facts

Plaintiff's motion is based on purported new facts found in the depositions of Plaintiff expert Dr. Bennet Omalu, Defense expert Rocky Edwards, Sergeant Eric Arias, and Sergeant Robert Martindale. These depositions took place after Plaintiff filed an opposition to the motion for summary judgment on September 8, 2020 but before the Court granted the motion on February 11, 2021.

Defendant took Dr. Omalu's deposition on October 23, 2020. Plaintiff asserts Dr. Omalu testified that, to a reasonable degree of medical probability, the deputies saw decedent and were the ones who shot him. This opinion, which Plaintiff characterizes as evidence the deputies "intentionally" shot decedent, is based on physical evidence suggesting the fatal bullet may have been fired from the right passenger window of the deputies' vehicle. Plaintiff argues a jury could infer from this evidence that a deputy mistakenly shot decedent, momentarily believing he was a suspect.

Plaintiff does not adequately explain why this evidence was not provided earlier. (Glade, supra 38 Cal.App.4th at 1457; See also Baldwin v. Home Sav. Of America (1997) 59 Cal.App.4th 1192, 1198-1201.) Dr. Omalu is Plaintiff's expert. Dr. Omalu was retained prior to Plaintiff's opposition and provided a declaration in support of the opposition. Plaintiff states Dr. Omalu's evaluation of the case "evolved" after reviewing all the evidence in the case. Plaintiff does not explain why Dr. Omalu did not review all the necessary evidence previously or why a new opinion from a party's own previously-retained expert satisfies CCP § 1008.

Plaintiff took the deposition of Rocky Edwards on October 22, 2020. Plaintiff took the depositions of Sergeant Eric Arias and Sergeant Robert Martindale on September 10, 2020. Plaintiff contends these depositions show the deputies shot decedent and the deputies inaccurately and indiscriminately fired their weapons. Plaintiff argues this testimony was not available earlier because Defendants refused to produce these witnesses for deposition until after Plaintiff's opposition was due. But Plaintiff did not notice these depositions until after

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 54

19STCV38462  April 5, 2021
**MARY STARKS vs COUNTY OF LOS ANGELES**  9:00 AM

Judge: Honorable Maurice A. Leiter  CSR: Celinda Aligada #13724
Judicial Assistant: J.M. Gurnee  ERM: None
Courtroom Assistant: R. Manzo  Deputy Sheriff: None

---

Defendants filed their motion on July 2, 2020, despite receiving Defendant's discovery responses approximately two months earlier, on April 27, 2020. Defendant's delay is particularly noteworthy because Plaintiff had sought and obtained a preferential trial pursuant to Code of Civil Procedure § 36. Plaintiff has not satisfactorily explained why this evidence was not provided sooner.

Plaintiff also reiterates the argument that the deputies had a motive to kill: allegedly they wanted to be admitted to a deputies' gang. As noted in the February 11, 2021 order, this argument is based on a speculative theory of intent not pleaded in the operative First Amended Complaint and not properly before the Court.

B. New Law

Plaintiff also argues that reconsideration is appropriate based on two new federal cases: Tan Lam v. City of Los Banos, 976 F.3d 986 (9th Cir. 2020) and Tabares v. City of Huntington Beach, 988 F.3d 1119 (9th Cir. 2021.) Plaintiff cites Tabares for the proposition that an officer's tactical decisions leading up to the use of force may render the use of force unreasonable under the totality of the circumstances. (Id. at 1125.) This is not new law; the California Supreme Court reached this conclusion in Hayes v. County of San Diego (2013) 57 Cal.4th 622. Moreover, Plaintiff misinterprets Tabares and Hayes by conflating an officer's conduct before the use of force begins with the officer's tactical decisions after properly beginning to use force. As Plaintiff acknowledged during argument, Plaintiff challenges the tactical decisions made by the deputies during the use of deadly force, that is, while they were responding to the use of deadly force by the suspects.

As the Court held in Brown v. Ransweiler (2009) 171 Cal. App. 4th 516, the reasonableness of a particular use of force is judged from the perspective of a reasonable officer on the scene, rather than from the 20/20 vision of hindsight. An officer may use deadly force when the officer has reasonable cause to believe a suspect poses a significant risk of serious physical injury or death to the officer or others. Id. at 527-28. Here it is undisputed that the deputies were responding to the use of deadly force by fleeing suspects, who were firing an assault rifle at the deputies. The deputies' decision to use deadly force was objectively reasonable under the circumstances. "As long as the officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the 'most reasonable' action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence." Id. at 537-38. This principle applies here, even if the officers (and not the suspects) inadvertently or mistakenly shot decedent, a bystander, while responding to the use of deadly force. Accord

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 54

**19STCV38462**  
**MARY STARKS vs COUNTY OF LOS ANGELES**

April 5, 2021  
9:00 AM

Judge: Honorable Maurice A. Leiter  
Judicial Assistant: J.M. Gurnee  
Courtroom Assistant: R. Manzo

CSR: Celinda Aligada #13724  
ERM: None  
Deputy Sheriff: None

---

Hayes, supra, 57 Cal.4th at 631 (citing Brown, 171 Cal. App. 4th at 537-38).

Plaintiff cites Tan Lam for the proposition that a change in circumstances may render the use of force unreasonable. (Id. at 1102-3.) This again is not new law. (See e.g. Zion v. County of Orange, 874 F.3d 1072 (9th Cir. 2017).

Plaintiff has not shown new facts or law that would support reconsideration of the Court's February 11, 2021 Order.

The Motion for Reconsideration filed by Mary Starks on 02/23/2021 is Denied.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Compton Courthouse<br>200 West Compton Blvd, Rm 902, Compton, CA 90220 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/05/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: J. Gurnee, Deputy |
| PLAINTIFF/PETITIONER:<br>Mary Starks | |
| DEFENDANT/RESPONDENT:<br>County of Los Angeles et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV38462 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Hearing on Motion for Reconsideration) of 04/05/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Compton, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Antonio Kizzie
Ivie McNeill Wyatt Purcell & Diggs
444 S. Flower Street Suite 1800
Los Angeles, CA 90071

Marcel Ferrar Sincich
The Law Offices of Dale K. Galipo
21800 Burbank Blvd Ste 310
Woodland Hills, CA 91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/5/2021        By: J. Gurnee
                             Deputy Clerk

CERTIFICATE OF MAILING