**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff* MARY STARKS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY STARKS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES; SHERIFF ALEX VILLANUEVA; EDWIN BARAJAS; TAYLOR INGERSOLL; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE No.: 2:21-cv-05209 HDV (GJSx)<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Gail J. Standish<br><br>**UNOPPOSED *EX PARTE* APPLICATION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>**Pretrial Conference**<br>January 29, 2024<br>**Trial**<br>February 20, 2024 |

-1-　　Case No. 2:21-cv-05209 HDV (GJSx)
UNOPPOSED *EX PARTE* APPLICATION TO WITHDRAW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE THAT:**

In Courtroom 5B, located at 350 West 1st Street, Los Angeles, CA 90012, pursuant to L.R. 83-2.3.2, of the Local Rules of the United States District Court for the Central District of California, counsel for Plaintiff Mary Starks in this action, the Law Offices of Dale K. Galipo, will move and hereby does move for this Court to allow for the withdrawal of counsel of record for Plaintiff Mary Starks and anyone who would substitute on her behalf on an *ex parte* basis.

This Unopposed *Ex Parte* Application is based on this Notice, the Memorandum of Points and Authorities, the accompanying declarations, the records, and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of a hearing, which Plaintiff's counsel is requesting to take place on or about October 23, 2023

<u>Pursuant to Local Rule 7-19.1</u>, prior to filing this *ex parte* application, Plaintiff's counsel advised Defendants' counsel of the date and substance of the proposed *ex parte* motion. Defendants do not oppose the present motion to withdraw and do not oppose that it is heard on an *ex parte* basis. Declaration of Dale K. Galipo ("Galipo Decl.") at ¶2.

Counsel for Defendants County of Los Angeles; Sheriff Alex Villanueva; Edwin Barajas; and Taylor Ingersoll is:

RICKEY IVIE (State Bar No.: 76864); rivie@imwlaw.com

AYANG J. INYANG (State Bar No.: 339484); ainyang@imwlaw.com

IVIE McNEILL WYATT PURCELL & DIGGS

444 S. Flower Street, 18th Floor

Los Angeles, CA 90017-2919

Tel: (213) 489-0028

Fax: (213) 489-0552

(Galipo Decl. at ¶3.)

### Plaintiff's Good Cause Statement

Plaintiff's Motion is being brought on an *Ex Parte* basis on the grounds that Defendants' have initiated the process of filing a motion for summary judgment pursuant to this Court's Standing Order and Plaintiff's counsel believes this Motion must be heard prior to Defendants' motion for summary judgment. A regularly noticed motion is not feasible under these circumstances. If the Court does not rule on this Motion and the motion to substitute prior to the initiation of Defendants' motion for summary judgment, the substituting plaintiffs are in substantial danger of undue prejudice and Plaintiff's counsel is in substantial danger of undue prejudice. (Galipo Decl. at ¶4.)

This Application seeks approval of the withdrawal as counsel for Plaintiff and anyone who may be substituted on her behalf because conflict has arisen necessitating the filing of this motion. For the reasons set forth below, Plaintiff's counsel believes it would be inappropriate for Plaintiff's current counsel to oppose the noticed dispositive motion and continue as attorneys of record in this case. Further, Plaintiff's counsel believes it is important for the Court to rule on this Motion and Plaintiff's prior motion to substitute prior to Defendants' initiating their motion for summary judgment, so as not to unduly prejudice the Substituting Plaintiffs who have not appeared in this matter or retained independent counsel. Plaintiff's counsel makes this Motion with the intent that no undue prejudice to the Substituting Plaintiffs' interests occur. The Substituting Plaintiffs will need time to retain new counsel, the Substituting Plaintiffs' new counsel will need time to review the case, potentially retain experts, prepare for, and oppose the summary judgment motion, and potentially prepare for trial. (Galipo Decl. at ¶5.)

/ / /

/ / /

/ / /

| |
|---|
| **NOTICE TO CLIENT (SUBSTITUTING PLAINTIFFS)** |
| If this motion to be relieved as counsel is granted, Plaintiff Mary Starks' present attorneys will not be representing you. You may not in most cases represent yourself if you are one of the parties on the following list: a guardian; a conservator; a trustee; a personal representative; a probate fiduciary; a corporation; a guardian ad litem; an unincorporated association. If you are one of these parties YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment. |
| **NOTICE TO CLIENT (SUBSTITUTING PLAINTIFFS) WHO WILL BE UNREPRESENTED** |
| If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. If will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case. |
| **NOTICE TO CLIENT (SUBSTITUTING PLAINTIFFS) WHO WILL BE UNREPRESENTED** |
| If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interest or result in your losing the case. |

1   This Unopposed *Ex Parte* Application is based on: (a) the following
2   Memorandum of Points and Authorities; (b) the Declaration of Dale K. Galipo; (c)
3   the [Proposed] Order filed concurrently herewith; and (d) pleadings and other papers
4   on file in this action, oral argument at the time of hearing if the Court deems on
5   necessary, and all other matters of which the Court may take judicial notice or any
6   other papers deemed relevant by this Court.

8   **Respectfully submitted,**
9   DATED:  October 23, 2023          **LAW OFFICES OF DALE K. GALIPO**

                                      By:  */s/    Marcel F. Sincich*
                                      Dale K. Galipo, Esq.
                                      Marcel F. Sincich, Esq.
                                      *Attorney for Plaintiff* MARY STARKS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

Pursuant to L.R. 83-2.3.2 of the Local Rules of the United States District Court for the Central District of California, counsel for Plaintiff Mary Starks in this action, the Law Offices of Dale K. Galipo, hereby request that the Court allow for their withdrawal as counsel of record for Plaintiff and anyone who substitutes on her behalf.

On October 25, 2019, Plaintiff filed state law causes of action in the Superior Court of the State of California. On June 9, 2020, Plaintiff filed for Trial Preference in the Superior Court. On June 22, 2020, the Superior Court granted trial preference. On July 2, 2020, Defendants filed their Motion for Summary Judgment in the Superior Court. On July 14, 2020, Defendants filed a Motion for Reconsideration re Trial Preference in the Superior Court. On July 30, 2020, Defendants filed a Motion to Stay pending resolution of Cross-Defendants' criminal action in the Superior Court. On August 28, 2020, Defendants filed a Motion for Judgment on the Pleadings in the Superior Court. On September 8, 2020, Plaintiff filed the Opposition to Defendants' Motion for Summary Judgment, Opposition to Defendants' Motion for Reconsideration, and Opposition to Defendants' Motion to Stay in the Superior Court. On January 29, 2021, Plaintiff filed the Opposition to Defendants' Motion for Judgment on the Pleadings in the Superior Court. On February 11, 2021, the Superior Court granted Defendants' Motion for Summary Judgment. On February 23, 2021, Plaintiff filed a Motion for Reconsideration in the Superior Court. On April 2, 2021, the Superior Court denied Plaintiff's Motion for Reconsideration. On May 20, 2021, Plaintiff filed her Notice of Appeal in the Superior Court.

On June 25, 2021, Plaintiff initiated this civil right case. (Doc. 1.) On September 2, 2021, Defendants Moved to Dismiss Plaintiff's Complaint (Doc. 13), and Defendants Moved to Stay the action pending the resolution of the state court

proceedings (Doc. 14). On September 13, 2021, Plaintiff opposed Defendants' Motion to Dismiss (Doc. 17), and Plaintiff opposed Defendants' Motion to Stay (Doc. 18). On January 18, 2022, the Court Conditionally granted Defendants' Motion to Stay and denied as moot Defendants Motion to Dismiss, and granted Plaintiff leave to file a First Amended Complaint. (Doc. 22.) On February 7, 2022, Plaintiff filed her First Amended Complaint. (Doc. 24.) On February 9, 2022, the Court denied Defendants Motion to Stay as moot. (Doc. 25.) On March 23, 2022, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint, which was refiled with the Court. (Docs. 31, 34, 37.) On March 28, 2022, the Court denied Defendants' Request for Judicial Notice and struck Defendants' Motion to Dismiss. (Doc. 33.) On April 13, 2022, the Court struck Defendants' Motion to Dismiss. (Doc. 36.) On May 5, 2022, Plaintiff opposed Defendants' Motion to Dismiss the First Amended Complaint (Doc. 39), and Plaintiff opposed Defendants' Request for Judicial Notice (Doc. 40). On September 12, 2022, the Court denied Defendants' Motion to Dismiss. (Doc. 44.) On September 23, 2022, Defendants filed their Answer to Plaintiff's First Amended Complaint. (Doc. 45.) On September 26, 2022, the Court Ordered a Scheduling Conference. (Doc. 46.) On November 28, 2022, the Court provided its Scheduling and Case Management Order. (Doc. 48.) On December 14, 2022, the parties filed a stipulated protective order. (Doc. 51.) Thereafter, the parties began discovery. (Doc. 53.) On December 20, 2022, the Court issues the Protective Order. (Doc. 54.)

      On January 23, 2023, the parties received the Opinion from the Court of Appeal of the State of California affirming the Superior Court's grant of summary judgment on Plaintiff's state law causes of action. The present motion comes before the Court, in part, in light of that opinion and the conflict arising between counsel and the Substituting Plaintiffs in light of that opinion.

      The Substituting Plaintiffs wish to proceed in this action, thus, wish to retain new counsel and continue all dates so that the Substituting Plaintiffs' counsel can

review this matter prior to the filing of a dispositive motion. Thus, Plaintiff's current counsel also asked the Court to consider continuing the dates in this matter so that it would not unduly prejudice the Substituting Plaintiffs' ability to find new counsel if they chose to do so.

Due to a material breakdown in the attorney-client relationship, Plaintiff's current counsel believes it is appropriate to file a motion to withdraw at this time.

## II.     DISCUSSION

An attorney may withdraw as counsel with leave of court. *See Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, No. 07-cv-1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citation omitted). Moreover, the motion for leave to withdraw must be supported by "good cause." *Evolv Health, LLC v. Cosway USA, Inc.*, No. 16-cv-1602 ODW (ASx), 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) (citation omitted). Additionally, pursuant to Local Rule 83-2.3.2, "[a] motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." As set forth in the attached declaration, this Application for leave to withdraw is made upon written notice given reasonably in advance to all Substituting Plaintiffs at their last known addresses and emails and to all other parties who have appeared in the action. (Galipo Decl. at ¶¶2, 6.)

Pursuant to Rule of Professional Conduct, Rule 1.16(b), "a lawyer may withdraw from representing a client if: (1) the client insists upon presenting a claim or defense in litigation, or asserting a position ... that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; ... [and/or] (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."

1 Without exposing confidential attorney-client communication, Plaintiff's current counsel believes this Application to Withdraw is supported by good cause because the Substituting Plaintiffs insists upon substituting in this matter on behalf of Mary Starks and proceeding in litigation which will require asserting a position that Plaintiff's current counsel believes is either not warranted under existing law or available evidence or cannot be supported by good faith argument for an extension, modification, or reversal of existing law based on the available evidence. Further, communication and cooperation between Plaintiff's current counsel and the Substituting Plaintiffs has rendered it unreasonably difficult for Plaintiff's current counsel to carry out representation.

Without describing the conflict because of the confidential nature of the discussions, there has been an irremediable breakdown in the relationship between attorneys and the Substituting Plaintiffs. The Substituting Plaintiffs wish to pursue the currently pleaded legal theories with an understanding that the California Court of Appeals opinion on this matter. For that reason, we must withdraw and cannot continue representation. This conflict between counsel and client has created a divide and inability to communicate effectively with one another. Because of this conflict between the client and attorney, Plaintiff's current counsel feels that they have irreconcilable differences and cannot amicably carry on the attorney-client relationship. *See Heilman v. Silva*, 2017 WL 822164, at *2 (S.D. Cal. Mar. 2, 2017) (finding good cause for withdrawal because plaintiff and counsel "maintain differing opinions and positions regarding the handling of Plaintiff's case to the point that they have irreconcilable differences and cannot amicably carry on the attorney-client relationship"). Due to these conflicts, Plaintiff's current counsel believes it would be inappropriate to represent the Substituting Plaintiffs and inappropriate to oppose summary judgment. (Galipo Decl. at ¶7.)

Due to these conflicts, Plaintiff's current counsel has also encountered unreasonable difficulty in communicating with the Substituting Plaintiffs. *See Steele*

*v. Hernandez*, 2:06-CV-02088, 2007 U.S. Dist. LEXIS 40568, at *2-3, 2007 WL 1521038 (E.D. Cal. May 23, 2007); *see also Ringgold Corp. v. Worrall*, 880 F.2s 1138, 1139-40 (9th Cir. 1989).

In order to avoid prejudicing the Substituting Plaintiffs' rights and without exposing confidential attorney-client communication, counsel cannot be more specific in Plaintiff's current counsels' reasons for this requested withdrawal. Plaintiff's current counsel could provide such details *in camera* if necessary. Further, in effort to a avoid prejudicing the Substituting Plaintiffs' rights, Plaintiff's current counsel respectfully requests that the Court reset dates regarding the case calendar with a reasonable amount of time for the Substituting Plaintiffs to retain new counsel if they choose to do so, and so that the Substituting Plaintiffs new counsel can review the case, potentially retain experts, oppose summary judgment motions, and prepare for trial if necessary.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's current counsel, the Law Offices of Dale K. Galipo, respectfully request the Court grant the present Motion to Withdraw as Counsel of Record, by Plaintiff's Counsel, for Plaintiff Mary Starks and anyone who may be substituted on her behalf. Plaintiff's current counsel also respectfully requests that the Court continue the dates for filing of motions for summary judgment, pretrial conference, and jury trial so as not to unduly prejudice the rights of the Substituting Plaintiffs.

**Respectfully submitted,**

DATED:  October 23, 2023           **LAW OFFICES OF DALE K. GALIPO**

By:   */s/      Dale K. Galipo*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
*Attorney for Plaintiff*

-10-     Case No. 2:21-cv-05209 HDV (GJSx)
UNOPPOSED *EX PARTE* APPLICATION TO WITHDRAW

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Mary Starks certifies that this brief contains 1,533 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 23, 2023              **LAW OFFICES OF DALE K. GALIPO**

By: */s/   Dale K. Galipo*
 Dale K. Galipo
 Marcel F. Sincich
 *Attorneys for Plaintiff*

## DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the Central District of California. I am the principal of the Law Offices of Dale K. Galipo, lead counsel for Plaintiff Mary Starks herein.

2. Prior to filing this Motion, Plaintiff's current counsel met and conferred with Defendants' counsel, advising them of the content of this Motion. Defendants do not oppose the present motion to substitute or to withdraw. Further, the present notice and application were served by email to all parties who have appeared in this action and sent to the last known addresses for the proposed substituting plaintiffs.

3. Counsel for Defendants County of Los Angeles; Sheriff Alex Villanueva; Edwin Barajas; and Taylor Ingersoll is: RICKEY IVIE (State Bar No.: 76864); rivie@imwlaw.com; AYANG J. INYANG (State Bar No.: 339484); ainyang@imwlaw.com; IVIE McNEILL WYATT PURCELL & DIGGS; 444 S. Flower Street, 18th Floor; Los Angeles, CA 90017-2919; Tel: (213) 489-0028; Fax: (213) 489-0552.

4. This Motion is being brought on an *Ex Parte* basis on the grounds that Defendants' have initiated the process of filing a motion for summary judgment pursuant to this Court's Standing Order and Plaintiff's counsel believes this Motion must be heard prior to Defendants' motion for summary judgment. A regularly noticed motion is not feasible under these circumstances. It would require Mary Starks' counsel to oppose summary judgment on behalf of the potential substituting plaintiffs', who have not appeared in this case, and who we do not have a formal agreement related to representation. If the Court does not rule on this Motion and the motion to substitute prior to the initiation of Defendants' motion for summary judgment, the substituting plaintiffs are in substantial danger of undue prejudice and Plaintiff's counsel is in substantial danger of undue prejudice.

5.      This Motion seeks approval of the withdrawal as counsel for Plaintiff Mary Starks and anyone who may be substituted on her behalf because Plaintiff's current counsel believes it is important for the Court to rule on this Motion prior to Defendants' filing their anticipated dispositive motion, so as not to unduly prejudice the Substituting Plaintiffs if the Court grants Plaintiff's counsels' motion to withdraw. Plaintiff's counsel makes this Motion with the intent that no undue prejudice to the Substituting Plaintiffs' interests occur. The Substituting Plaintiffs will need time to retain new counsel, the Substituting Plaintiffs' new counsel will need time to review the case, potentially retain experts, prepare for, and oppose the summary judgment motion, and potentially prepare for trial.

6.      Written notice of this Motion to Withdraw was given to the Substituting Plaintiffs on October 23, 2023.

7.      Without describing the conflict because of the confidential nature of the discussions, there has been an irremediable breakdown in the relationship between attorneys and the Substituting Plaintiffs. The Substituting Plaintiffs wish to pursue the currently pleaded legal theories with an understanding that the California Court of Appeals opinion on this matter. For that reason, we must withdraw and cannot continue representation. Further, due to these conflicts, Plaintiff's current counsel has also encountered unreasonable difficulty in communicating with the Substituting Plaintiffs.

8.      Proposed Substituting Plaintiff, Wayman Starks' contact information is: 424-394-4922; 401 W. Poplar Street, Compton, CA 90220.

9.      Proposed Substituting Plaintiff, Wendell Williams' contact information is: 702-330-0599 or 310-977-5994; 921 West Owens Ave., Suite 140, Las Vegas, NV 89106.

10.     Proposed Substituting Plaintiff, Michael Starks' contact information is: 702-646-4654; 620 8th Street, Las Vegas, NV 89106.

1  I declare under penalty of perjury and the laws of the State of California that
2  the foregoing is true and correct to the best of my knowledge and belief and if
3  called upon to testify on any of the foregoing could do so competently.

5  This declaration was executed this 23rd day of October 2023.

7          */s/ Dale K. Galipo*
8          Dale K. Galipo, Esq.